Dickie R. O'CLAIR, Petitioner,

v.

STATE of Maine et al., Respondents.

Supreme Judicial Court of Maine.

May 19, 1967.

Dickie R. O'Clair, pro se.

Jerome S. Matus, Asst. Atty. Gen., Augusta, for respondents.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal. Petitioner's petition for a writ of mandamus was dismissed on January 30, 1967, by a Justice of the Superior Court, who certified the appeal of the petitioner to the Chief Justice under the provisions of 14 M.R.S.A. § 5452.

Petitioner, while serving a sentence in the Maine State Prison, was convicted of the offense of escape from the Prison and on December 13, 1965, before the completion of his original sentence, the petitioner was sentenced by a Justice of the Superior Court to serve a term of not less than one and one-half years nor more than three years in the State Prison for that escape. Petitioner contends in written argument that his sentence for escape should have commenced on the date on which he was sentenced and returned to the custody of the Warden and that he is now eligible for parole on the escape sentence. He asks that the writ issue against the Warden requiring him to present the petitioner's case before the State Probation and Parole Board.

The petitioner's claim is entirely without merit. The sentence of which he complains was imposed under the authority of 34 M.R.S.A. § 710, which, as amended in 1965, reads:

"If a convict, sentenced to the State Prison for life or for a limited term of years, or transferred thereto from the Reformatory for Men under section 808, or committed thereto for safekeeping under Title 15, section 453, assaults any officer or other person employed in the government thereof, or breaks or escapes therefrom, or forcibly attempts to do so, he may be punished by confinement to hard labor for any term of years, to commence after the completion of his former sentence, or upon termination of such sentence by the State Probation and Parole Board; said termination shall not take place sooner than the expiration of the parole eligibility hearing date applicable to his for-

mer sentence. The warden shall certify the fact of a violation of this section to the county attorney for the County of Knox, who shall prosecute such convict therefor."

Petitioner insists that his sentence for escape commenced December 13, 1965 regardless of the status of his previous sentence. In this he is in error. Section 710 controls the time and commencement of a sentence imposed for escape from the State Prison and it cannot commence until the former sentence has been completed or until it has been terminated by the State Probation and Parole Board as limited by that Section. As the petitioner does not allege that his former sentence has been so completed or terminated, he has no basis for this petition.

The appeal is therefore denied and the petition dismissed.